UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 14-128 |
| v. | * | SECTION: "K" (4) |
| MATTHAIOS FAFALIOS | * | |

\* \* \*

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE REGARDING ATTORNEY'S FEES

**NOW INTO COURT**, through undersigned counsel, comes the United States of America and files this Memorandum in Support of its Motion in Limine Regarding Attorney's Fees. The government is requesting that this Court preclude the defendant from offering any evidence or argument at trial about his former employer, Marine Managers, Ltd., no longer paying his attorney's fees. Information about how Fafalios is funding his defense is irrelevant to the matters to be decided by the jury, and, if introduced, will only serve to confuse the jury and unnecessarily prolong the trial.

A.   FACTUAL BACKGROUND

On October 2, 2014, Marine Mangers Ltd. was sentenced to pay a fine of $800,000.00 and a community service payment of $100,000.00 after pleading guilty to violating the Act to Prevent Pollution from Ships and Obstruction of Justice. Marine Managers, Ltd. ("Marine Managers") was the operator of the M/V Trident Navigator, a commercial cargo ship on which the defendant Matthaios Fafalios ("Fafalios") served as the Chief Engineer. The Marine Managers' plea agreement contained a provision stating: "The Company agrees that it will not take any adverse action against the officers and crew members who cooperated with the investigation . . . This provision does not apply to any crew member who is charged for criminal

conduct related to this investigation, and the Company will be free to take appropriate adverse action against such crew member charged with criminal conduct." Exhibit "A." Fafalios filed a motion with the district in the Marine Managers case asking that the language of the plea agreement be amended because the Company stopped paying for his defense. Exhibit "B." The government filed a response wherein it argued that Fafalios did not have standing to petition to change the plea agreement and that the language in the plea agreement was proper. Exhibit "C." The Honorable Judge Carl J. Barbier denied Fafalios's motion for the reasons stated in the government's response. Exhibit "D."

**B.    LAW AND ARGUMENT**

The government anticipates that the defense will offer evidence of Marine Managers' decision to stop paying for Fafalios's defense. Such information and evidence is irrelevant to the matters to be decided by the jury. "Relevant Evidence," as defined in Rule 401, is evidence that "[has] some tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Hall at 1005; Fed.R.Evid. 401.[1] "Implicit in that definition are two distinct requirements: (1) The evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is *of consequence to the determination of the action*." Id.; United States v. Waldrip, 981 F.2d 799, 806 (5th Cir. 1993).

And, "whether a proposition is of consequence to the determination of the action is a question governed by the substantive law" (*i.e*., look to the relevant jury instruction defining the

---

[1] Rule 401 (*Definition of "Relevant Evidence"*) provides that:

"Relevant evidence" means evidence having any tendency to make the existence of any *fact that is of consequence to the determination of the action* more probable or less probable than it would be without the evidence. (Emphasis added).

2

charge).  United States v. Hall, 653 F.2d 1002, 1005 (5th Cir. 1981)  The "proposition must be probative of a matter at issue in the litigation, such as a relevant defense raised to defeat criminal liability."  Id.   If the evidence fails to be probative of a "relevant defense" then the evidence should be excluded.[2]  Id.

Any contractual dispute about attorney's fees between Fafalios and Marine Managers is strictly a civil matter that should remain between the parties and not injected into the criminal case before this Court.  The government was not in any way involved in the decision by Marine Managers to fund or not fund Fafalios's defense.  Whether Fafalios's attorneys are being paid by Marine Managers does not have any bearing on whether he falsified the oil record book or obstructed the Coast Guard investigation and encouraged crew members to lie to cover up his misdeeds.  Any evidence about attorney's fees or argument in opening or closing will only serve to confuse the jury and unnecessarily prolong the trial.

---

[2] The district court is permitted to exclude relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403; United States v. Miller, 588 F.3d 897, 904 (5th Cir. 2009).  A trial court's finding of relevance will not be overturned absent a "substantial abuse of discretion," and its Rule 403 determinations will not be reversed absent "clear abuse of discretion."  United States v. Caldwell, 820 F2d 1395, 1403 (5th Cir. 1987).  Evidentiary rulings are subject to harmless error analysis even if an appellate court finds that the trial court committed error. United States v. El-Mezain, 664 F.3d 467, 494 (5th Cir. 2011).  "A reversal will not be warranted unless the defendant shows 'that the district court's ruling caused him substantial prejudice'" Id. (citing United States v. Bishop, 264 F.3d 535,546 (5th Cir. 2001).

C.   **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, the United States respectfully requests this Honorable Court grant its Motion in Limine to preclude Fafalios from making any mention at trial about the payment of his attorney's fees or Marine Managers' decision to discontinue funding his defense.

Respectfully submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY


s/ Emily K. Greenfield
EMILY K. GREENFIELD
Assistant United States Attorney
Louisiana Bar Roll Number 28587
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3024
Email: emily.greenfield@usdoj.gov


/s/ Kenneth Nelson
KENNETH E. NELSON
BRANDY PARKER
Trial Attorneys
Environmental Crimes Section


**CERTIFICATE OF SERVICE**

I certify that on November 14, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

s/ Emily K. Greenfield
EMILY K. GREENFIELD
Assistant United States Attorney