UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| | * | |
| VERSUS | * | NO. 14-128 "K" (4) |
| | * | |
| MATTHAIOS FAFALIOS | * | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT RULE 29 JUDGMENT OF ACQUITTAL

**COMES NOW**, Defendant Matthaios Fafalios ("Fafalios" or "Defendant"), by and through undersigned counsel, and files this motion and incorporated memorandum of law for a judgment of acquittal on Count One of the Indictment pursuant to Federal Rule of Criminal Procedure 29(a), as the government has failed to introduce evidence sufficient to sustain a conviction. As grounds in support of the instant motion, Defendant respectfully submits the following:

**STANDARD OF LAW**

A motion for acquittal is governed by Rule 29 of the Federal Rules of Criminal Procedure, and it provides, "[a]fter the government closes its evidence or after the close of all the evidence, the Court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a) (emphasis added). FED. R. CRIM. P. 29(A); *see also United States v. Tencer*, 107 F.3d 1120, 1125 (5th Cir. 1997). Because the government's evidence against Fafalios is insufficient as a matter of fact and law, he moves this Court for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

1

**I.   The Court Must acquit Fafalios of Count One of the Indictment for the Alleged Violation of the Act to Prevent Pollution from Ships.**

Pursuant to jurisdictional limitations of United States law and applicable Coast Guard regulations, the only violations which may be pursued are those that occur within the territorial waters of the United States.[1]  The government has not met its burden of proof with regard to the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a) ("APPS") charge. In order to establish a violation of the APPS, the government must prove that Fafalios "knowingly violated" the regulations issued under the APPS.  33 U.S.C. § 1908(a); *United States v. Kun Yun Jho*, 534 F.3d 398, 401-02 (5th Cir. 2008). The regulation that Fafalios is charged with violating requires that the government prove a knowing failure to "maintain" the Vessel's Oil Record Book ("ORB") and a subsequent presentment of the materially false oil record book to the government.  33 C.F.R. § 151.25(j); *Kun Yun Jho*, 534 F.3d at 401-02; *United States v. Ionia Mgmt., S.A.*, 555 F.3d 303, 309 (2d Cir. 2009); *United States v. Royal Caribbean Cruises, Ltd.*, 11 F.Supp.2d 1358, 1368 (S.D. Fla. 1998). Here, not only is the evidence so insufficient that no reasonable jury could find that there was a knowing failure to maintain the Vessel's ORB, and subsequent presentment to the government, but the indictment and charges have been improperly pursued by the government against a person who does not have a duty under the law to maintain the ORB in the first place.

---

[1] The Flag state retains exclusive jurisdiction to prosecute any MARPOL violation by that vessel while in international waters. It is well established that the United States' jurisdiction over offenses is generally limited to the territory of the United States, its flagged vessels and/or conduct by its citizens. *United States v. Abrogar*, 459 F.3d 430 (3d Cir. 2006); *United States v. Smiley*, 27 F.Cas. 1132 (C.C.N.D. Cal. 1864); *Yenkichi Ito v. United States*, 64 F.2d 73 (9th Cir. 1933), *cert. denied*, 289 U.S. 762, 53 S.Ct. 796, 77 L.Ed. 1505 (1933).  There must be a clear indication of intent by Congress to impose punishment for extra-territorial conduct. *Yenkichi Ito*, 64 F.2d at 75.

In this matter, the only portion of the conduct described in Count One of the Indictment that is subject to the jurisdiction of the United States is the purported failure to maintain an accurate ORB in accordance with 33 U.S.C 1908(a) and 33 CFR 151.25 on or about January 18, 2014 (*i.e.* - while the vessel was at the port of New Orleans). The applicable regulation clearly and unambiguously assigns the <u>Master or other person in charge of a ship</u> the duty of maintaining the ORB, stating that the "master or other person having charge of a ship . . . shall be responsible for the maintenance of such record." 33 C.F.R. § 151.25(j).  Accordingly, as a matter of law and applicable regulation, Chief Engineer Fafalios is not responsible for maintaining the ORB 33 CFR 151.25 and as such cannot be guilty of violating the APPS by knowingly failing to maintain the ORB, because he had no legal duty to maintain the record under the Coast Guard's own regulations.[2]

In looking at this exact issue, the district court in *United States v. Kun Yun Jho*, concluded that the defendant, "as the chief engineer, but not the master of [the vessel] is not even the person required by the Coast Guard regulations to maintain the oil record book."  465 F. Supp. 2d 618, 624 n. 2 (E.D. Tex. 2006), *rev'd on other grounds*, 534 F.3d 398 (5th Cir. 2008). The Coast Guard regulations establish a clear difference between the "master or other person having charge of the ship," who has the duty to "maintain" the ORB, and others who may be in charge of lesser operations, such as the Chief Engineer, who performs operations that do not constitute being in "charge" of the vessel.  *Cf*. 33 C.F.R. § 151.25(h) ("Each completed operation [that must be recorded in the oil record book] shall be signed by the person or persons in charge

---

[2] *See United States v. Shear*, 962 F.2d 488, 490-91 (5th Cir. 1992) (reversing employee's conviction for criminal OSHA violation on ground that employee had no legal duty to comply with OSHA regulation because Congress placed the legal duty to provide safe workplace upon employers and not employees); *United States v. Doig*, 950 F.2d 411, 413-15 (7th Cir. 1991) (same).

of the operations concerned and each completed page shall be signed by the master or other person having charge of the ship.").

These regulations, set out a robust distinction between "the master or other person having charge of the ship," as used in both subsections (h) and (j), and "the person or persons in charge of the operations concerned," as used in subsection (h). The fact that the Coast Guard chose to make only "the master or other person having charge of the ship" responsible for maintaining the ORB, and could have also included "the person or persons in charge of the operations concerned" as among those also responsible – but chose not to – creates a presumption that the Coast Guard acted intentionally and purposefully in excluding everyone but "the master or other person having charge of the ship" from being responsible for maintaining the ORB. *Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.") (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972))); *see also Shear*, 962 F.2d 488, 490 (5th Cir. 1992).

Accordingly, when a particular transfer of bilge water (or other oily waste) from one tank to another is completed, the person in charge of that particular operation – in this case one of the several engineers on the Vessel – must sign off in the oil record book regarding the transfer, and the "master or other person having charge of the ship" must sign to verify each completed page. In the instant case, the crew of the M/V TRIDENT NAVIGATOR followed this procedure. The engineer in charge of a particular operation would sign the oil record book with regard to that particular operation, and, significantly, Efthymios Lychoudis ("Lychoudis"),

the master[3] of the TRIDENT NAVIGATOR, signed every completed page, as required by Section 151.25(h). That fact that Lychoudis, as the master of the TRIDENT NAVIGATOR, signed every page of the ORB conclusively establishes that Lychoudis was the "master or other person having charge of the ship" who had the duty to "maintain" the oil record book – not Fafalios. Because there is no evidence that Fafalios ever served as the "master or other person having charge of the ship" he had no legal duty to maintain the oil record book. Because Fafalios had no duty to maintain the oil record book, he cannot be guilty of violating the APPS as a matter of law and is entitled to an acquittal pursuant to Federal Rule of Criminal Procedure 29.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Fafalios prays that this Court acquit him of Count One, as set forth in the Indictment, and for all other relief to which he is justly entitled.

Dated: New Orleans, Louisiana  
   December 12, 2014

CHALOS & Co, P.C.

By:  /s/ George A. Gaitas  
   George A. Gaitas  
   Louisiana State Bar No.05879  
   Federal Bar No. 705176  
   Briton P. Sparkman  
   *Admitted Pro Hac Vice*  
   7210 Tickner Street  
   Houston, Texas 77055  
   Telephone: 713-574-9454  
   Facsimile: 866-702-4577  
   E-mail: gaitas@chaloslaw.com

---

[3] Tellingly, all witnesses have testified that the Master is the person in charge of the M/V TRIDENT NAVIGATOR.

/s/ George M. Chalos
George M. Chalos
*Admitted Pro Hac Vice*
55 Hamilton Avenue
Oyster Bay, New York 11771
Telephone: 516-714-4300
Facsimile: 866-702-4577
Email: gmc@chaloslaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 12, 2014, a true and accurate copy of the foregoing pleading was provided to all counsel of record by hand and via the Court's cm/ECF system.

/s/ George A. Gaitas
George A. Gaitas
Louisiana State Bar No.05879