UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO: 14-128** |
| | * | **SECTION: "K"** |
| vs. | * | |
| **MATTHAIOS FAFALIOS** | * | |
| * * * | | |

**GOVERNMENT'S REQUEST FOR JURY INSTRUCTION**

**NOW INTO COURT,** comes the United States of America, appearing through the undersigned Assistant United States Attorney and Trial Attorney for the Environmental Crimes Section, and requests that this Court charge the jury as to the law on aiding and abetting as set forth in the attached Exhibit "1."

In his latest filing with this Court, Defendant argues that he cannot be found guilty of the APPS violation alleged in Count One of the indictment because pursuant to Title 33, Code of Federal Regulations, Section 151.25(j), he is not the Master of the Trident Navigator nor is he any "other person in charge of the ship" and therefore it was never his responsibility to maintain an accurate oil record book.  Rec. Doc. 101-1.  The government never charged defendant with violating Subsection J of Section 151.25 and does not believe that Subsection J is applicable to charges in this indictment.[1]  In this case, and many other cases in which Chief Engineers are prosecuted under APPS for failing to maintain an oil record book, the orders to illegally discharge overboard were given by the Chief Engineer without any knowledge of the Master. Although the Master was required to sign the Oil Record Book, in this case (and many others) the Master had no knowledge of whether the entries in the Oil Record Book were accurate.   Yet, according to

---

[1] The government does not intend for this Memorandum to be its complete response to Defendant's Motion and Memorandum for a Rule 29 directed verdict and by discussing Defendant's Rule 29 Motion in this pleading does not waive its right to post-trial briefing on the issue.

defendant's logic, only the Master may be prosecuted under the Act to Prevent Pollution from Ships because of the regulation that seems to state that the Master shall be responsible for the maintenance of the Oil Record Book.   Rec. Doc. 101-1, p. 3.

While the government disagrees with Defendant's argument about Subsection J and believes that acceptance of it would lead to absurd results, assuming *arguendo* that Subsection J is applicable to this case, the jury should be instructed to consider whether the Chief Engineer aided and abetted the crime pursuant to Title 18, United States Code, Section 2(b).   "'It is well-established that Title 18, United States Code, Section 2(b) was designed to impose criminal liability on one who causes an intermediary to commit a criminal act, even though the intermediary who performed the act has no criminal intent and hence is innocent of the substantive crime charged.'"   United States v. Hopkins, 916 F.2d 207, 215 (5th Cir. 1990)(quoting United States v. Tobon-Builes, 706 F.2d 1092, 1099 (11th Cir. 19983)).   *See also*, United States v. Odom, 736 F.2d 150, 152 (5th Cir. 1984)(finding a defendant who is not in a class of persons to whom a substantive statute is directed may still be guilty of aiding and abetting for causing, inducing, or procuring statutory violation).

Although aiding and abetting was not charged in the indictment in this case, it is well settled in the Fifth Circuit that aiding and abetting is not a separate offense.   United States v. Rabhan, 540 F.3d 344, 348 (5th Cir. 2008); United States v. Sorrells, 145 F.3d 744, 752 (5th Cir. 1998)(quoting United States v. Neal, 951 F.2d 630, 633 (5th Cir. 1992)). This is true even if the indictment does not charge Title 18, United States Code, Section 2.   Sorrells, at n. 8.   "'[A]s a general rule, an aiding and abetting instruction may be given to the jury even though the indictment does not specifically mention aiding and abetting, so long as evidence is introduced to support an aiding and abetting conviction.'" Id.

There is overwhelming evidence in this case that the Chief Engineer gave the order to discharge overboard through the use of a by-pass hose, made all the entries in the Oil Record Book except for an entry for the use of the by-pass hose and then lied to the Master, who he argues was the only party who may be liable for an APPS violation, about using the hose.   Considering the responsibility that the Chief Engineer has for engine room operations, his years of experience as a Chief Engineer, his familiarity with MARPOL and the necessity to have an accurate Oil Record Book, and the multiple ways he used to keep the truth about the engine room operations and the accuracy of the Oil Record Book from the Master, he may not complain that an aiding and abetting instruction in this case would come as unfair surprise when it was not charged in the indictment.[2] *See* Fifth Circuit Pattern Instructions, 2.06 (2012), notes.

---

[2] In his Motion, defense counsel cited to United States v. Jho, 534 F.3d 398 (5th Cir. 2008). The district court in Jho was faced with a motion to dismiss the indictment for a number of reasons including that the defendant was not the Master and thus not responsible for "maintaining" the oil record book.   The district court declined to dismiss the indictment as the government charged aiding and abetting of the APPS violation.   See United States v. Jho, 465 F.Supp.2d 618, 638 (E.D. Tex.), *rev'd on other grounds*, 534 F.3d 398 (5th Cir. 2008).

WHEREFORE, for the foregoing reasons, the government respectfully requests an aiding and abetting instruction as written in Exhibit "1" be included in the jury instructions after the APPS instruction.

    Respectfully submitted,

    KENNETH ALLEN POLITE, JR.
    UNITED STATES ATTORNEY

    s/ Emily K. Greenfield
    EMILY K. GREENFIELD (La 28587)
    Assistant United States Attorney
    650 Poydras Street, Suite 1600
    New Orleans, Louisiana   70130
    Telephone:   (504) 680-3024

    /s/ Kenneth E. Nelson
    KENNETH E. NELSON
    BRANDY PARKER
    Trial Attorneys,
    Environmental Crimes Section
    601 D. St. NW Suite 2120
    Washington, DC 20004
    Telephone: (202) 305-0435

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: George A. Gaitas and George M. Chalos.

    s/ Emily K. Greenfield
    EMILY K. GREENFIELD
    Assistant United States Attorney